UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABDURAZAK ABDU,

    Plaintiff,

v.                                              Case No. 8:25-cv-620-KKM-NHA

OVATION BISTRO & BAR, LLC,

    Defendant.
_____

## ORDER

    The United States Magistrate Judge recommends that I grant in part and deny in part Plaintiff Abdurazak Abdu's second motion for default judgment, (Doc. 14), as well as his motion for attorney's fees, (Doc. 15). The deadline to object to the Magistrate Judge's Report and Recommendation has passed without any party lodging an objection. Considering the record, I adopt the Report and Recommendation.

    After conducting a review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews

legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

In the absence of any objection and after reviewing the factual allegations and legal conclusions, I adopt the Magistrate Judge's Report and Recommendation because Abdu states a plausible claim for relief under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182. Specifically, after the panel in *Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266 (11th Cir. 2021), vacated its own decision on mootness grounds, *see* 21 F.4th 775, 776 (11th Cir. 2021) (per curiam), no precedent forecloses Abdu's claim that Ovation Bistro & Bar's website—which Abdu says is incompatible with screen-reading software used by the visually impaired—constitutes an intangible barrier to goods and services offered at Ovation's physical place of public accommodation. *See, e.g.*, *Haynes v. Dunkin' Donuts, LLC*, 741 Fed. Appx. 752, 754 (11th Cir. 2018). I find persuasive, though, *Gil*'s view that not all websites inaccessible to the visually impaired will result in individuals "being excluded, denied services, segregated, or otherwise treated differently from other individuals in" physical places of public accommodation. 993 F.3d at 1280. Thus, I conclude only that Abdu's allegations, which are unrebutted, make such a claim here.

Accordingly, it is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 21) is **ADOPTED** and made a part of this Order for all purposes.

2. Plaintiff's Second Motion for Default Judgment (Doc. 14) is **GRANTED in part and DENIED in part**.

3. Plaintiff's Motion for Attorney's Fees (Doc. 15) is **GRANTED in part and DENIED in part**.

4. Defendant Ovation Bistro & Bar's website, https://www.ovationbistro.com [https://perma.cc/87F2-43XP], contains accessibility barriers that prevent Plaintiff from obtaining full and equal access to goods and services offered by Defendant's restaurant, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182(b)(2)(A)(iii). Accordingly, no later than **July 29, 2026**, Defendant shall make its website accessible to blind and visually impaired individuals who use standard screen-reading software, namely the Job Access With Speech (JAWS) program used by Plaintiff. In doing so, Defendant is also directed to adopt and implement a web accessibility policy that complies with Version 2.2 of the Web Content Accessibility

       Guidelines, https://www.w3.org/TR/WCAG22/ [https://perma.cc/W3NQ-C5VN].

5. The Clerk is directed to **ENTER JUDGMENT** in favor of Plaintiff Abdurazak Abdu and against Defendant Ovation Bistro & Bar, LLC, in the amount of $2,940 in attorney's fees and $405 in litigation costs.

6. The Clerk is directed to **CLOSE** this case and **TERMINATE** any pending motions or deadlines.

**ORDERED** in Tampa, Florida, on January 29, 2026.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge